```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIE STOKES,                       :
                                     :
        Plaintiff,                   :   Case No. 3:03-cv-1544
                                     :
    v.                               :
                                     :
LT. JEFFREY E. CYWINSKI, et al.,     :   Judge Conaboy
                                     :
        Defendants.                  :
_____
```

MEMORANDUM and ORDER

Before this Court is Lt. Jeffrey E. Cywinski's, et al., ("Defendants"), Motion for Summary Judgment. (Doc. 94). Defendants seek to dismiss Plaintiff's claims against Defendants Lavan and Stachelek. Additionally, Defendants claim they are entitled to summary judgment on Plaintiff's cell search claim and misconduct claim.

The motion has been fully briefed and is now ripe for disposition. Based on the discussion below, Defendants' Motion for Summary Judgment is denied.

I.   Background[1]

In his Complaint, Plaintiff alleges that Defendants Cywinski, Long, Alpier and Loftus violated his Eighth Amendment rights when they used excessive force against him. (Doc. 1-2, ¶¶ 10, 11, 12). On December 12, 2001, Plaintiff and his cellmate were removed from their cell and taken to the shower room by Defendants Alpier and

---

[1] The following facts are primarily derived from Plaintiff's Complaint, (Doc. 1), and Plaintiff's Brief in Opposition to Defendants Motion for Summary Judgment, (Doc. 113).

Loftus. (Id., ¶ 13). Plaintiff claims that his hands were cuffed behind his back. (Id., ¶ 14). Defendants began questioning Plaintiff and he refused to answer their questions. (Id., ¶ 16). Plaintiff claims that defendants then called for back up and Defendants Cywinski, Long and Kross arrived with about fifteen other guards. (Id., ¶¶ 16, 17). Plaintiff claims that Defendant Cywinski ordered Defendants Alpier and Loftus to take him to the ground. (Id., ¶ 18). Thereafter, Plaintiff claims that Defendant Cywinski began to bang Plaintiff's head off the floor and choke him while Defendants Alpier, Loftus, Long and Kross kicked him. (Id., ¶ 19). Plaintiff claims that he lost consciousness and woke up in a chair being slapped by Defendant Cywinksi. (Id., ¶ 20). Plaintiff claims that Defendant Stalchelek stopped into the shower room and saw what was going on but just walked away without saying anything. (Id., ¶¶ 22, 23). Plaintiff was taken to medical where his injuries were photographed. (Id., ¶ 24).

   Plaintiff was placed in the restrictive housing unit ("RHU") and was charged with assault, possession of contraband (marijuana) and disobeying orders. (Id., ¶ 25). The hearing examiner found Plaintiff guilty of all charges and he was sentenced to six months in the RHU. (Id., ¶ 26). According to Plaintiff, he was approached by a guard twenty-eight days into his six month stay in the RHU and was asked if he planned to pursue any claims against the guards involved in the alleged assault. (Id., ¶ 28).

Plaintiff claims that he was told he would be let out of the RHU is he agreed not to pursue any action. (Id., ¶¶ 28, 29, 30). Plaintiff claims that he was told to appeal his sentence to the hearing examiner. (Id., ¶ 29). Upon appeal of the hearing examiner's decision, the charges were dropped and Plaintiff was released from the RHU. (Id.) Plaintiff claims that he suffers migraines as a result of this alleged incident and that his voice is not the same after being choked during the incident. (Id., ¶ 32).

According to Plaintiff, Defendant Cywinski began to harass him after he was released from the RHU. (Id., ¶ 34). Plaintiff alleges that on January 17th or 18th of 2002, Defendant Cywinski sent Defendants Alpier and Loftus to search his cell. (Id., ¶ 35). The Defendants found "wine," which Plaintiff claims was really concentrated orange juice from the commissary. (Id., ¶ 37). Defendants filled out a misconduct and Plaintiff received ninety days in the RHU and had his contact visits revoked for six months. (Id., ¶ 38). According to Plaintiff, he was approached by Counselor Dobson who told him to put in for a time cut because both he and Unit Manager Yakiel heard that Plaintiff really had orange juice in his cell and not wine. (Id., ¶ 39). Plaintiff put in for a time cut and was released between forty-five and fifty days into his ninety day sentence in the RHU. (Id., ¶ 40). Plaintiff claims that Defendant Cywinski continued to harass him. (Id., ¶ 42).

3

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Knabe v. Boury*, 114 F.3d 407, 410 n.4 (3d Cir. 1997)(*citing* Fed.R.Civ.P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-8, 106 S.Ct. 2505 (1986) (emphasis in original).

The Court is required to view the evidence in the light most favorable to the non-moving party.  Consistent with this principle, the non-movant's evidence must be accepted as true and all reasonable inferences must be drawn in the non-movant's favor. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990).

### B. Defendants' Motion for Summary Judgment

In the brief in support of their motion for summary judgment, (Doc. 96), Defendants argue that the claims against Defendants Lavan and Stachelek should be dismissed because they were not present during the time of the alleged assault against Plaintiff.

Defendants claim that Defendant Superintendent Lavan is entitled to summary judgment because he was not present during the incident and only learned of it after the fact. (Id. at 3). Defendants argue that while Defendant Lavan was the head of the institution where the alleged abuse occurred, that alone is not enough to hold him liable under the Civil Rights Act. Id. Defendants claim that Defendant Lavan must have had some actual knowledge of the incident, or prior notice of it in order to be found liable. Id.

Defendants cite the Circuit Court's decision in *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir.1988). Citing to the Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1913 n. 3, 68 L.Ed.2d 420 (1981), the Court in *Rode* stated that an accused in a civil rights action "must have personal involvement in the alleged wrongs." *Rode*, 845 F.2d at 1207. With regard to supervisors, personal involvement can be shown when violations occur with the supervisors knowledge and consent. Id.

According to Defendants, Defendant Lavan did not have actual knowledge or notice of the alleged abuse as required to be found liable. (Doc. 96 at 4). Defendants claim that Plaintiff has not pled that Defendant Lavan was in the shower area at the time of the abuse. Id. Therefore, they argue that learning about the incident after the fact is insufficient and the claim against Defendant Lavan should be dismissed. Id.

5

Plaintiff responds by arguing that there are disputed issues of fact regarding Defendant Lavan's knowledge of the excessive force being used on Plaintiff.  (Doc. 113 at 4).  Plaintiff claims that Defendant Lavan later dismissed the contraband charges against Plaintiff and reduced the time Plaintiff had to spend in disciplinary segregation.  Id.  Therefore, Plaintiff claims that Defendant Lavan was personally involved in this case.  Id.

Plaintiff cites the Circuit Court's opinion in *Smith v. Mensinger*, 293 F.3d 641 (3d Cir.2002), in support of the proposition that material issues of fact exist when there is a question as to whether or not a corrections officer knew his fellow officers were using excessive force and refused to intervene.  In deciding whether the District Court's granting of summary judgment in favor of defendants should stand, the Court in *Smith* stated that, "it is undisputed that all of the named officers were in the vicinity at some point when Smith alleges he was beaten.  The extent of each officer's participation is thus a classic factual dispute to be resolved by the fact finder."  Id. at 650.  The Court went on to hold that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so."  Id.

We agree with Plaintiff that there are disputed issue of material fact as to Defendant Lavan's involvement in or knowledge

6

of the alleged abuse.  These questions are not appropriate for summary judgment and should be decided by a jury.

Next, Defendants claim that Defendant Deputy Stachelek is entitled to summary judgment because he was only present in the shower briefly and did not observe any excessive force.  (Doc. 96 at 5).  According to Defendants, Defendant Stachelek admits to briefly being in the shower area but claims that he only saw Defendant Lt. Cywinski with his arms against Plaintiff's chest. Id.  Defendants put forth the same argument as above regarding a lack of personal knowledge by Cywinski.  (Cite).

Plaintiff responds by pointing to various factual discrepancies between Defendants' brief in support of their motion for summary judgment and Plaintiff's Complaint.  (Doc. 113 at 5). Plaintiff claims that Defendant Stachelek was present in the shower room immediately prior to the abuse and showed deliberate indifference by refusing to prevent the abuse from occurring.  Id. Plaintiff claims that the facts suggest that Defendant Stachelek should have been aware of Plaintiff's circumstances upon witnessing a naked and handcuffed prisoner who was surrounded by several officers in the shower area.  Id.

We agree with Plaintiff that there are disputed issues of material fact as to Defendant Stachelek's involvement in or knowledge of the alleged abuse.  Clearly, these issues are not appropriate for this Court to determine on summary judgment.

7

Next, Defendants claim that they are entitled to summary judgment as to Plaintiff's cell search claim. Defendants argue that Plaintiff, as an inmate, did not have a reasonable expectation of privacy in his cell. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

Plaintiff responds that the Defendants' January 2002 search of his cell was done in retaliation and as a continuation of a pattern of abuse. (Doc. 113 at 6). Furthermore, Plaintiff claims that there is a factual dispute as to the existence of the contraband found in his cell. Id.

Our analysis of a retaliation allegation is based on this Circuit's decision in *Rauser v. Horn*, 241 F.3d 330 (3rd Cir. 2001). In *Rauser*, the Court announced the burden of proof which a prisoner must provide when he alleges that prison officials have retaliated against him for exercising a constitutionally protected right. 241 F.3d at 331. In *Rauser*, the plaintiff refused to participate in the behavioral programs which were required by the DOC in order to be considered for parole. Id. at 332. Among the programs the plaintiff failed to complete were Alcoholics Anonymous ("AA") and Narcotics Anonymous ("NA"). Id. The plaintiff claimed that both programs required the participant to accept God as part of the treatment for his addiction and he objected to participating because of his own religious beliefs. Id. Following his refusal to participate in the AA and NA programs, the DOC allegedly took

8

three retaliatory actions against the Plaintiff.  Id.

In *Rauser*, the plaintiff brought a retaliation claim against the DOC which the Magistrate Judge recommended be dismissed on summary judgment.  The District Court adopted the Magistrate Judge's Report and Recommendation and held that the plaintiff did not enjoy constitutional protection against retaliation because he did not have a protected liberty interest in early parole, prison wages, or a specific place of confinement.[2]  The Circuit disagreed with the District Court's categorization of the issue and stated that "the relevant question is not whether Rauser had a protected liberty interest in the privileges he was denied, but whether he was denied those privileges in retaliation for exercising a constitutional right."  Id. at 333.

The first question we must answer, therefore, is whether Plaintiff has shown that the conduct which led to the alleged retaliation was constitutionally protected.  Id.; *Drexel v. Vaughn*, 1998 WL 151798 at 7 (E.D.Pa.).  Plaintiff claims "the search of his cell in January 2002 was completed in retaliation for the dismissal of charges stemming from the abuse in December 2001." (Doc. 113 at 6).  Presumably, Plaintiff is referring to his appeal of the hearing examiner's decision in 2001 in which Plaintiff was found guilty of assault, possession of contraband and disobeying orders

---

[2] Each of these issues was presented in plaintiff Rauser's retaliation claim against the DOC.  241 F.3d at 332.

and sentenced to six months in the RHU.  Upon appeal, the charges against Plaintiff were dropped and he was released from the RHU. The filing of grievances is protected conduct for purposes of retaliation analysis.  *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.2003).

Next, we must decide if Plaintiff has shown that he has suffered "adverse action" at the hands of Defendants.  Id.; See *Allah*, 229 F.3d at 225.  A prisoner satisfies this requirement by demonstrating that the action "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Id.

Here, following Defendants' search of his cell and subsequent hearing, Plaintiff received ninety days in the RHU and had his contact visits revoked for six months.  (Doc. 1-2 at 5).

In *Rauser*, the Circuit Court adopted the burden-shifting framework outlined by the Supreme Court in *Mount Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), as the third and final step in the retaliation analysis.  Therefore, after the plaintiff makes the initial showing that his constitutionally protected activity was a "substantial and motivating factor" in bringing about the alleged retaliation, the burden shifts to the defendant to demonstrate that it would have taken the same actions against plaintiff even in the absence of the protected activity. *Rauser*, 241 F.3d at 333.  In adopting the burden-shifting framework

in *Mount Healthy*, the Circuit Court also incorporated the balancing test announced in *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).  In *Turner*, the Supreme Court held that a prison regulation that impinges on the constitutional rights of an inmate is valid if it is "reasonably related to legitimate penological interests."  <u>Id.</u>
The *Rauser* Court combined the standards articulated in *Turner* and *Mount Healthy* and stated that "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  *Rauser*, 241 F.3d at 334.

    Here, Defendants have not filed a reply brief to Plaintiff's retaliation allegation.  Therefore, we are not aware of any legitimate penological interest for the January 2002 search of Plaintiff's cell.  Based on Plaintiff's allegations and the factual dispute regarding the contraband found in Plaintiff's cell, we find that summary judgment is not appropriate as to Plaintiff's cell search claim.

    Lastly, Defendants claim that they are entitled to summary judgment in their favor on Plaintiff's misconduct claim.  (<u>Id.</u> at 8).  Upon a search of Plaintiff's cell, Defendants found wine.  <u>Id.</u>

11

Although Plaintiff claimed it was only concentrated orange juice, he was found guilty and was given ninety days of disciplinary confinement.  Id.  Defendants argue that Plaintiff has not asserted a viable claim because he does not have a liberty interest protected by the Due Process Clause in remaining out of disciplinary confinement.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff responds by claiming that the misconduct claim was the result of a pattern of abuse.  (Doc. 113 at 6).  Plaintiff claims that the pattern of abuse is further supported by the Defendants' failure to produce the contraband in question, its container or photographs of the alleged wine found.  Id.

Based on Plaintiff's retaliation allegation and the same analysis used above, we find that there are genuine issues of fact regarding the search of Plaintiff's cell and any contraband found therein.

III. Scheduling Order

On the basis of the Court's determination herein, there may be a need for further discovery as well as a hearing.  Therefore, we will include in the order herein an extension of time to complete discovery, a new date for filing dispositive motions and a date for trial.

12

IV.  Conclusion

Based on the foregoing discussion, Defendants' Motion for Summary Judgment is denied.

Date: April 12, 2006                S/Richard P. Conaboy
                                    Richard P. Conaboy
                                    United States District Judge

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

WILLIE STOKES,                       :
                                     :
    Plaintiff,                       :   Case No. 3:03-cv-1544
                                     :
  v.                                 :
                                     :
LT. JEFFREY E. CYWINSKI, et al.,     :   Judge Conaboy
                                     :
    Defendants.                      :
_____

<u>ORDER</u>

Now, this 12th day of April, 2006, the following order is entered:

1. Defendants Motion for Summary Judgment, (Doc. 94), is denied; and

2. Additional discovery shall be completed by June 9, 2006; and

3. All dispositive motions shall be filed by June 30, 2006; and

4. Trial shall commence with jury selection on September 11, 2006.

                                        <u>S/Richard P. Conaboy</u>
                                        Richard P. Conaboy
                                        United States District Judge